**Richard William BOYD, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 16214.**

United States Court of Appeals
Ninth Circuit.

Aug. 3, 1959.

Hayden C. Covington, Brooklyn, N. Y., Thomas H. Ludlow, Jr., Los Angeles, Cal., Birnbaum & Hemmerling, Clifford A. Hemmerling, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert D. Hornbaker, Robert John Jensen, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before CHAMBERS, BARNES and JERTBERG, Circuit Judges.

**608**

BARNES, Circuit Judge.

This is an appeal from a judgment of conviction for knowingly failing and refusing to be inducted into the armed forces in violation of 50 U.S.C.A.Appendix, § 462. The conviction resulted in a one year sentence in prison. The district court had jurisdiction by virtue of 18 U.S.C. § 3231. Timely notice of appeal having been filed, this Court has jurisdiction on appeal. 28 U.S.C. § 1291, and Rules 37 and 39 of Fed.R.Crim.P., 18 U.S.C.

Appellant registered with his local Selective Service Board (hereinafter called the Board) early in 1953. He later returned his Classification Questionnaire to the Board, indicating that he was not a minister and did not claim to be a conscientious objector. In June 1953 he notified the Board of change of address. He was classified I-A in August 1953. In April 1957, appellant was ordered to report for a preinduction physical examination by letter sent to his new and last reported address. When this was returned as "unknown at address," the Board made several attempts to locate him at his original, his new, and his brother's address, all of which attempts were unsuccessful.[1] Finally, on September 5, 1957, appellant was notified by letter sent to his last known address that he was "delinquent" for failing to keep the Board advised of his correct address and for failing to report for a preinduction physical as ordered. This letter, too, was returned undelivered. On September 24, 1957, the local Board ordered defendant-appellant to report for induction on October 25, 1957. The order was sent to his last known address, and was returned undelivered on October 1, 1957. The appellant was then reported to the U. S. Attorney as delinquent for failure to report for induction.

On December 10, 1957, appellant came to the Board's office and provided his address, at the same time filling out a dependency questionnaire provided him. At this time, *for the first time*, appellant requested that the Board provide him with the special form for conscientious objectors, stating that the reason he had not previously requested it was because "I was not as strong in my faith until recently" and, "I didn't know too much about it, that is, about sending in for forms." The special form (SSS Form 150) was furnished appellant, in accordance with the provisions of 32 Code of Federal Regulations § 1621.11.[2] The special form was filed with the Board on December 16, 1957, and indicated that appellant was conscientiously opposed to participation in both combatant and noncombatant military service, and was a member of a religious organization, to-wit: "Jehovah's Witnesses—The Watchtower Bible and Tract Society, 117 Adams Street, New York, N. Y."

In January 1958, the U. S. Attorney advised the Board that it could again act in the case because the delinquent registrant had been turned up, and the U. S. Attorney declined prosecution because: "Subject in favor of immediate induction as delinquent." Apparently this meant

1. At the time the appellant originally registered he gave as the person "who will always know" his address, his brother, "Mr. Robert Boyd, 1271½ So. Barrington Ave., W. Los Angeles, Calif." Letters sent to that name and address were returned to the Board marked "unknown at address."

When appellant supplied his new address, after his induction had been ordered, he gave his own address as "1271½ So. Barrington Ave., Los Angeles 25, Calif." He also stated his father, Cecil T. Boyd; his mother; and his brother, Robert, all then resided at that same address.

2. 32 C.F.R. § 1621.11 provides as follows: "*Special form for conscientious objector.* "A registrant who claims to be a conscientious objector shall offer information in substantiation of his claim on a Special Form for Conscientious Objector (SSS Form No. 150) which, when filed, shall become a part of his Classification Questionnaire (SSS Form No. 100). The local board, upon request, shall furnish to any person claiming to be a conscientious objector a copy of such Special Form for Conscientious Objector (SSS Form No. 150)."

that the appellant represented to the U. S. Attorney that he was willing to be inducted immediately rather than be prosecuted, and, inferentially, that he did not have any conscientious objections to military service. On January 17, 1958, appellant was asked by the Board to advise them whether he was considered a "Pioneer" by the Watchtower Bible and Tract Society, to which he replied on January 20, 1958, that he was not yet so considered, but was classified by the group as a "Congregational Publisher" working toward the "Pioneer" classification. He was notified by the Board on February 12, 1958 that based on his statements and the various forms filed by him the "facts presented do not warrant the reopening or reclassification of your case at this time." On that same date, he was ordered to report for induction on February 28, 1958. Appellant reported on February 28, 1958, but on March 3, 1958, refused to be inducted. The local Board then sent appellant's file to the state director, who advised that appellant be reported to the U. S. Attorney for prosecution. This was done in April 1958.

Appellant was tried and convicted by the court sitting without a jury under an indictment charging his refusal to be inducted. The only evidence received at the trial, at which appellant pleaded not guilty, was the Selective Service file.

■ But one question is raised on this appeal. Was appellant denied due process when the Selective Service Board, after receiving his form claiming to be a conscientious objector, considered the facts of this case, but did not reopen nor reclassify the appellant's case before so considering the facts?

We hold there was no denial of due process. Appellant received every protection to which he was entitled, and a careful consideration of all the facts of his case, both as they existed before and after his change of position.

Appellant urges that the issuance of the special form (SSS 150) for conscientious objectors *after* the order to report for induction was a reopening of his classification which *required* the Board to *cancel* the outstanding order to report for induction.

Appellant in support of his position first relies on 32 C.F.R. § 1625.14. This section does so provide, but the requirement is subject to an important restriction—the cancellation of the previous classification is required only "when the local board *has reopened* the classification of a registrant."

Furthermore, 32 C.F.R. § 1625.2 [3] contains a proviso that neither (a) the written request of the applicant, or someone on his behalf, nor (b) the motion of the board itself, based upon new facts coming to its attention, shall be sufficient to reopen and to consider anew the reclassification "after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252), *unless the local board first specifically finds there has been a change in the registrant's status resulting from circum-*

**3.** 32 C.F.R. § 1625.2 provides:
"*When registrant's classification may be reopened and considered anew.*
   "The local board may reopen and consider anew the classification of a registrant (1) upon the written request of the registrant, the government appeal agent, any person who claims to be a dependent of the registrant, or any person who has on file a written request for the current deferment of the registrant in a case involving occupational deferment, if such request is accompanied by written information presenting facts not considered when the registrant was classified, which if true, would justify a change in

the registrant's classification; or (2) upon its own motion if such action is based upon facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification; provided, in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252), unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

*stances over which the registrant had no control."* [Emphasis added.].

No such change in status so resulting was specifically found by the board here, and hence the Board could not lawfully reopen the classification.

█ Insofar as due process is concerned, we are thus concerned only with determining whether the Board acted arbitrarily or reasonably in impliedly holding, under the proviso of 32 C.F.R. § 1625.2 hereinabove quoted, that there was no "change in the registrant's status resulting from circumstances over which the registrant had no control." The court below inferentially held the Board acted reasonably and not arbitrarily, and we agree, although the sufficiency of the evidence before the Board is not a matter for judicial review. United States ex rel. Kotzen v. Local Exemption Board No. 157, D.C.S.D.N.Y.1918, 252 F. 245, 248.

There is not raised herein the proposition that conscientious objections resulting from the promptings of a registrant's conscience would be a change of status over which the registrant has no control. But we would think that such an interpretation would, as other courts have said, be "a strained interpretation of the regulation." [4] Such interpretation would make redundant and useless any finding by the Board subsequent to the filing of the conscientious objector's claim.

The Code of Federal Regulations, 32 C.F.R. § 1621.11, *requires* the Board "to furnish to any person, upon request a copy of such special form for conscientious objector (SSS Form No. 150)." If, after obtaining such a form, an objector could force (by the mere filing of it, and no matter what facts were contained within it, and no matter how strongly his conscience demanded it) a cancellation of his order for induction, and a compulsory reopening, any "objector" could forever prevent the existence of a valid and effective order for induction, no matter how sincere or insincere, compulsive or non-compulsive, his conscience might be.

Appellant urges, in his supplemental brief filed after the oral argument, that this is not necessarily so because according to his view, the Board is not *required* to issue the SSS 150 Conscientious Objector form once the Order for Induction (SSS 252) has been sent. He contends that since it is in the discretion of the Board to do so after the induction order has been issued, that this issuance "effectively reopened appellant's classification." [Supp. Br. 5] We cannot agree.

First, there is nothing in 32 C.F.R. § 1621.11 indicating that there is any time limitation on when the Board "shall" issue the SSS Form 150 upon the request of the registrant. Nor is there anything in the context of the regulations which would indicate that there is any limitation. We think that to rule that this time limit inferentially existed in *this* section of the regulations would clearly deny the registrant due process of law by denying him the right even to ask the Board to reopen his case, once the induction order had been issued. On the other hand, under our interpretation, the registrant at least has an opportunity to present any new facts to the Board by submitting the SSS 150 form. It is thereafter up to the Board to decide whether they warrant reopening and reclassification of the registrant. See 32 C.F.R. § 1625.2.

The second difficulty with appellant's view is that it would require us to completely ignore the above quoted portion of § 1625.2 which says that the Board may not reopen the classification *unless* it makes certain specific findings of a change of status from circumstances beyond the registrant's control. In light of this prohibition in the regulations, we could not say that the act of allowing the registrant to file the SSS Form 150 with the Board after the induction notice "effectively reopens" the classification. Clearly, it does not, either under the regulations or "inferentially."

█ The government urges that the defendant waived his conscientious objector claim, or was estopped to assert it. It

4. United States v. Schoebel, 7 Cir., 1953, 201 F.2d 31, 33.

points out that the claim was not made until *after* the Order to Report had been sent to appellant; had been returned because he was not at his address of record; the FBI had been called into the case; appellant located; and the U. S. Attorney, induced by appellant's representations that he felt he should be immediately inducted, had declined to prosecute. Only then did appellant belatedly claim that he was a conscientious objector. There is a great deal of validity to this argument for an estoppel, for as the government points out, had it not been for appellant's criminal failure [5] to keep the Board advised of his address, he would have been inducted some six weeks before he decided to claim he was a conscientious objector. Furthermore, deferment is a privilege which may be waived or abandoned by the registrant's acts "like any other personal privilege." United States v. Schoebel, 7 Cir., 1953, 201 F.2d 31, 32.

But we do not rest our decision solely upon waiver or estoppel. The regulations cited clearly make it discretionary with the local board as to whether or not it reopens the registrant's classification once he has been sent his Order to Report for Induction. The regulation states that the board must first specifically find that there has been a change in the registrant's status from circumstances *beyond his control*. Considering a situation almost identical to that here, the seventh circuit in United States v. Schoebel, supra, held that the claim of conscientious objection raised only at the last moment, six days before the date of scheduled induction, did not *require* that the board reopen the classification when in its discretion it did not feel the evidence presented warranted such action. There the appellant argued what appel-

lant here inferentially argues—that the action of Congress in passing § 6(j) of the Universal Military Training Act, 50 U.S.C.A.Appendix, § 456(j), providing that persons who by reason of religious training and belief are conscientiously opposed to military service shall not be subject to service in the armed forces, meant that such person could not *lawfully* be inducted. This because Congress, in so providing, did not set any time limit on when such claims could be raised by the registrant. The court there rejected such an argument, as did the district court for the southern district of California in United States v. Monroe.[6] In that case, Judge Tolin's well-reasoned opinion pointed out that this was an exemption granted by Congress as a matter of legislative grace, and that in cases like the instant one, "the proposition that the untimely steps taken by registrant entitled him to a reopening [must be] rejected. Any other conclusion would allow the indefinite avoidance of military service by registrants who visited their board offices on induction eve to secure Selective Service forms which, if filed, might have served as the basis for a reopening." 150 F.Supp. at page 789. And see Judge Forman's reasoning in United States ex rel. Filomio v. Powell, D.C.N.J. 1941, 38 F.Supp. 183, 188, and his analogy to a motion for a new trial in civil cases, and the discretion of the trial court in acting thereon.

Furthermore, any contention on the part of appellant that it is a denial of procedural due process to refuse him a right of appeal from a local board's refusal to reopen his classification has been laid to rest by this Court in Klubnikin v. United States, 9 Cir., 1955, 227 F.2d 87, 90–91,[7] certiorari denied, 1956, 350 U.S. 975, 76 S.Ct. 453, 100 L.Ed. 846.

5. Stumpf v. Sanford, 5 Cir., 1944, 145 F. 2d 270.

6. In United States v. Monroe, D.C.S.D. Cal.1957, 150 F.Supp. 785, the registrant filed no objection until the time set for induction.

7. "Provision for review on refusal to reclassify would invite successive frivolous appeals designed to delay induction and frustrate the purposes of the Act. The regulations provide for fair and adequate procedure." Klubnikin v. United States, supra, 227 F.2d at pages 90–91. Cf. also, with respect to applicability of regulations to requests for reclassification on other grounds, United States ex rel. La Charity v. Command-

Of the cases relied on by appellant we find Olvera v. United States, 5 Cir., 1955, 223 F.2d 880, clearly distinguishable since there the conscientious objector claim was made *before* the induction notice was sent, and when he first registered. (See note 1 of that opinion.) Likewise, we find United States v. Vincelli, 2 Cir., 1954, 215 F.2d 210; 2 Cir., 216 F.2d 681, and United States v. Packer, 2 Cir., 1952, 200 F.2d 540, (reversed on other grounds United States v. Nugent, 1953, 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417,) distinguishable on the facts.

In Knox v. United States, 9 Cir., 1952, 200 F.2d 398, the only one of this Circuit's cases cited by appellant, the claim was made *prior to* the induction notice, and, additionally, the board never did take action on the conscientious objector forms (SSS Form 150) filed with it. See, 200 F.2d at page 400. That case is totally inapplicable to the instant facts. Here the Board *did* take action, *i. e.*, it found there were insufficient facts to come within 32 C.F.R. § 1625.2.

Finally, we find two district court cases which we cannot distinguish but which we refuse to approve because we believe they represent an erroneous view of the law. The first of these, United States v. Crawford, D.C.N.D.Cal.1954, 119 F.Supp. 729, flatly holds that the Congressional exemption of conscientious objectors cannot be overridden by any time limits set up in the regulations, no matter how reasonable they may be. We think this ignores the very important practical considerations pointed up by Judge Forman in United States v. Powell, supra, and by Judge Tolin in United States v. Monroe, supra.

The second of these cases, United States v. Underwood, D.C.E.D.Pa.1955, 151 F.Supp. 874, relied on Crawford as its authority, and thus is susceptible of the same objections. It also relies on the failure of Congress to set forth anywhere that the registrant must claim his exception before notice of induction, if he intends not to waive his right to the privilege. We are of the opinion that Congress tacitly approved of those regulations which were in existence at the time that it added the above exemption from military service. Cf., Sterrett v. United States, 9 Cir., 1954, 216 F.2d 659, 665.[8]

We hold that the regulation in question is valid and applicable to the factual circumstances present here, and reject the appellant's contentions that he was denied due process by this procedure. There must be some end to the time when registrants can raise a claim of conscientious objection to induction, and raise and re-raise an alleged right to review. Any other conclusion would result in chaos.

The judgment of conviction by the district court is affirmed.

ing Officer, etc., 2 Cir., 1944, 142 F.2d 381.

8. "There is a further reason why we think we must thus construe the Act. When Congress substantially reenacted the provisions of the 1940 Act, the Administrative Regulations thus interpreting and construing the Act and long continued without substantial change will be deemed to have received Congressional approval. It has been said that in similar cases the Regulations have the effect of law. Helvering v. Winmill, 305 U.S. 79, 83, 59 S.Ct. 45, 83 L.Ed. 52; United States v. Zazove, 334 U.S. 602, 623, 68 S.Ct. 1284, 92 L.Ed. 1601; Hartley v. Commissioner, 295 U.S. 216, 220, 55 S. Ct. 756, 79 L.Ed. 1399." 216 F.2d at page 665.