Chester L. **HOAPILI**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 21712.

United States Court of Appeals
Ninth Circuit.

May 10, 1968.

As Modified on Denial of Rehearing
July 8, 1968.

Thomas L. Mui (argued), Donald S. Nishimura, Honolulu, Hawaii, for appellant.

Yoshimi Hayashi (argued), Acting U. S. Atty., James F. Ventura, Asst. U. S. Atty., Honolulu, Hawaii, for appellee.

Before DUNIWAY and ELY, Circuit Judges, and BOLDT, District Judge.

ELY, Circuit Judge:

Appellant registered with his local draft board on August 10, 1964, and was classified 1–A on October 13th, approximately two months later. He was examined and determined to be physically fit in October of 1965, and on December 7, 1965, he was sent a notice to report for induction on December 17, 1965. He had never claimed to object to military service, although he had, three months before his physical examination, com-

menced religious study as a Jehovah's Witness. He reported as directed but refused to submit to induction. He was thereafter indicted for and convicted of violating section 12(a) of the Universal Military Training and Service Act. 50 U.S.C. App. § 462(a). This appeal followed.

Appellant contends that on December 11, 1965, the day after he received the notice of induction, he had become a conscientious objector [1] and that his refusal to submit to induction was therefore not unlawful.

A registrant who fails to submit a request for reopening and reconsideration of his classification in writing is not entitled to challenge his classification upon the ground that it should have been reopened by the board. See Shaw v. United States, 264 F.2d 118 (9th Cir. 1959). That principle is controlling here. The regulations under the Universal Military Training and Service Act provide, in pertinent part:

"The registrant's classification shall be determined solely on the basis of the official forms of the Selective Service System and such other *written* information as may be contained in his file * * *."

32 C.F.R. § 1623.1(b) (emphasis added).

"The local board may reopen and consider anew the classification of a registrant (a) upon the *written* request of the registrant * * * if such request is accompanied by *written* information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification * * *."

32 C.F.R. § 1625.2 (emphasis added).

There are valid reasons for the regulations. They are designed to insure some orderliness in the solution of the problems, logistic and otherwise, which must attend the induction process. If their enforcement should be relaxed, last min-

---

1. Another of his reasons for deciding, at this time, to refuse military service was that his mother needed financial help in connection with her recent purchase of an apartment building.

ute oral protests could effectively obstruct economical and expeditious military organization.

Not until December 16, 1965, the day before his induction scheduled for the early morning to follow, did appellant attempt to secure conscientious objector status. He went to the office of his local draft board on that date and informed the clerk, Mrs. Kimura, that he was a conscientious objector. Mrs. Kimura instructed appellant to reduce his claim to writing and to take it immediately to Selective Service Headquarters so that the induction order might be rescinded. Appellant then proceeded to Selective Service Headquarters, where he asked to see the State Director. The Director was not present in the headquarters at that time, and appellant made no further effort to obtain a reclassification. At no time did he pursue the course required by the regulations and suggested by Mrs. Kimura, namely, the submitting of his claim for conscientious objector status in writing.

■ Appellant admits noncompliance with the regulations but contends that it was incumbent upon Mrs. Kimura to supply him with a Special Form for Conscientious Objector (SSS Form No. 150). Her failure to do so, he argues, effectively deprived him of the opportunity to pursue his claim, so that he was therefore denied due process of law. We hold otherwise. Mrs. Kimura did not—as the clerk in Boswell v. United States, 390 F. 2d 181 (9th Cir. 1968), was alleged to have done—refuse to supply the Form 150 after the registrant's specific request therefor. See also Boyd v. United States, 269 F.2d 607 (9th Cir. 1959). Appellant made no such request. He informed Mrs. Kimura of his recently formed belief. She had no power to stay the induction then imminent and suggested a course that might lead to relief. There is no showing that the suggested procedure

would not have resulted in reclassification, nor is it demonstrated that the procedure, had it been pursued, would have been any less effective than the eleventh hour filing of a completed Form 150. Appellant cannot equate his own voluntary abandonment of the course outlined by Mrs. Kimura with denial of his due process right.

■ We have considered the remaining claims of error.[2] They have no merit.

Affirmed.

---

2. One of the claims is that the district judge erred in refusing to permit appellant's counsel to inquire of prospective jurors as to their religious beliefs. In the absence of circumstances which might require exception, the rule is that it is proper to preclude such inquiry. United States v. Daily, 139 F.2d 7 (7th Cir. 1943).