Glen Woodson **PALMER**, Jr., Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 22736.

United States Court of Appeals
Ninth Circuit.

Sept. 25, 1968.

Robert C. Mussehl (argued), Seattle, Wash., for appellant.

Wm. H. Rubidge (argued), Asst. U. S. Atty., Eugene G. Cushing, U. S. Atty., Seattle, Wash., for appellee.

Before BARNES and MERRILL, Circuit Judges, and McNICHOLS, District Judge*.

MERRILL, Circuit Judge:

On November 21, 1967, at Seattle, Washington, appellant refused to submit to induction into the Armed Forces. He was duly indicted for violation of 50 U.S.C. App. § 462. On January 5, 1968, for the first time he submitted a claim of conscientious objection to his local draft board. No action was taken by the board. On January 26, 1968, he entered a plea of not guilty, was tried, found guilty and convicted. He has taken this appeal. He contends he was entitled to have his draft board act upon his claim of conscientious objection. He points to 32 C.F.R. § 1625.2 which provides for reopening even after the registrant has been ordered to report for induction.

We cannot agree with this contention. Classification functions of the local board cease with induction, and a registrant cannot, by refusing to submit to induction, impose upon the board any new duties respecting reclassifica-

---

* The Honorable Ray McNichols, United States District Judge for the District of Idaho, sitting by designation.

tion or reopening. United States v. Bonga, 201 F.Supp. 908 (E.D.Mich. 1962); United States v. Monroe, 150 F. Supp. 785 (S.D.Cal.1957); approved in Boyd v. United States, 269 F.2d 607 (9th Cir. 1959). Contra, United States v. Underwood, 151 F.Supp. 874 (E.D.Pa. 1955). To permit such imposition would be highly disruptive of the Selective Service process.[1]

◼◼ The question for the court is simply whether at the time of refusal to submit to induction the registrant was under a duty to submit. If he was, a crime was then committed. In dealing with this question the courts do examine into the validity of the order to report and this in turn involves a limited review of past board action in classifying the registrant. These matters bear directly upon the issue of guilt. What occurs after refusal, however, is not relevant to that issue.

◼ Appellant was, on November 21, 1967, under a duty to submit to induction. He had been classified I-A, had been determined to be physically acceptable and had been duly notified of induction. No request for reclassification was pending. No denial of reclassification was in question.

◼ Appellant asserts that he did not know, on November 21, 1967, that he had a right to claim conscientious objection as a basis for reclassification. He contends that the board, when it notified him of induction, had a duty so to inform him and that failure to do so constitutes a violation of due process. This contention is without merit.

Prior to appellant's original I-A classification in September, 1964, he had been informed of his right to submit a claim of conscientious objection. Thereafter he had been advised of his right to consult his draft board if he had any questions respecting his status.

 The registrant, under the regulations, has the burden of seeking reclassification. This is wholly reasonable. It is not expecting too much of a registrant to assume that he will accept the invitation to inform himself as to the courses open to him before engaging in conduct he knows to be criminal in character.

Affirmed.

---

1. The board may (as 32 C.F.R. § 1625.14 seems to recognize) have *power* to reopen classification even after the registrant has refused to submit to induction and power thereby to cancel the induction order with which the registrant has refused to comply. This power is, if exercised, no more than a *sua sponte* response by the board to a re-examination of its own proceedings. The registrant, however, has no right to a reopening at this time. If the board chooses to stand on its record the registrant cannot assert prejudice resulting from that choice.