**Benjamin Parker BLADES, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 23190.

United States Court of Appeals Ninth Circuit.

Feb. 28, 1969.

Gary J. Near (argued), San Francisco, Cal., for appellant.

David P. Bancroft (argued), Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., Jerrold M. Ladar, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before MADDEN*, Judge, United States Court of Claims, and BROWN-ING and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge:

Convicted of refusal to submit to induction into the Armed Forces of the United States, 50 U.S.C.App. § 462, Blades appeals on the ground that his local board should have reopened his classification to consider his request for conscientious objector status. We affirm.

Blades was classified I–A on August 23, 1966. He appealed, requesting a II–S (student) deferment, and was granted a personal appearance, but was again classified I–A on December 7, 1966. The Appeal Board affirmed. Notice of this classification was sent to Blades on January 13, 1967. He took no further steps, and on August 11, 1967, his local board mailed him an order to report for induction on August 30, 1967. On the night of August 29, 1967, he filled out and mailed to his local board SSS Form No. 150 (Special Form for Conscientious Objector). The envelope was postmarked August 30, 1967, and was received by the board on August 31, 1967, one day after Blades was required to submit to induction. Meanwhile, on August 30, 1967, he did report to the induction center as ordered, but refused to take the symbolic step forward. Instead, he handed to an induction officer a typed,

* J. Warren Madden, Senior Judge, United States Court of Claims, sitting by designa-tion.

signed, one paragraph statement which reads as follows:

"STATEMENT OF BENJAMIN PARKER BLADES # 4 62 45 2436

I am a conscientious objector and I mailed

have filed SS Form 150 with my local board, Selective Service Board 62, San Jose, California. I am opposed to participation in a war in any form by virtue of religious training and belief. I intend to secure judicial review of my First Amendment rights to conscientious objector status and of the denial of due process of law which has occurred in the issuance of the order of induction, the application of the selective service regulations in my case, and the consideration of my application for I0 classification. My Attorneys are Garry, Dreyfus, McTernan & Brodsky, and Fay Stender, Esq., 341 Market Street, San Francisco, California.

August 30, 1967."

The word "filed" in the second line was crossed out, and the word "mailed" was handwritten above it. The induction officer evidently transmitted the letter to appellant's local board, where it was received on September 14, 1967.

We hold that the board did not err in refusing to reopen appellant's classification, because (1) it did not have timely notice of his claim, and (2) the claim was insufficient, if its timeliness be assumed.

1. *The board did not have timely notice of appellant's claim.*

 A registrant is not entitled to have his local board reopen his classification where the conscientious objector form is not filed until after the registrant has refused to submit to induction. United States v. Palmer, 9 Cir., 1968, 401 F.2d 226. Although the regulations are not explicit on this point, we hold that a

document has not been "filed" with or "returned to" a local board until it has been actually received by it. Mere mailing is not enough. Thus, the regulations frequently authorize the board to mail documents to registrants (*e. g.*, 32 C.F.R. §§ 1621.9, 1623.1(a)), and provide that the period of days allowed a person to perform any act or duty required of him shall be computed as beginning on the day after the notice to him is mailed or posted. 32 C.F.R. § 1641.6. See also 32 C.F.R. § 1641.3. On the other hand, the regulations do not speak in terms of registrants using the mails. Rather, they must "return" or "file" the documents (*e. g.*, 32 C.F.R. §§ 1621.10(a), 1623.1(a)).

 Policy considerations dictate that documents provided by registrants be considered filed only when received, and not when mailed.[1] The registrant's purpose in filing a document such as Form No. 150 for conscientious objectors is to have the local board reopen a classification. If the Board does not have the form before the time for induction, it can hardly be faulted for not reopening. At the point of induction, its classification function had ceased. United States v. Palmer, *supra.*

"There must be some end to the time when registrants can raise a claim of conscientious objection to induction, and raise and re-raise an alleged right to review. Any other conclusion would result in chaos." Boyd v. United States, 9 Cir., 1959, 269 F.2d 607–612. See also Hoapili v. United States, 9 Cir., 1968, 395 F.2d 656, 657–658.

 We also hold that giving the typed statement to the processing officer at the induction center was not sufficient notice to the board. Although the Selective Service System "is designed to operate 'as one continuous process' * * * in which the civil and military agencies

[1]. In this case, the Form 150 was mailed to the local board at a time when the registrant could not have expected it to reach his local board before he was to submit to induction. We do not decide what would happen if a registrant were to mail such a form in sufficient time to be received in the ordinary course of the mails, but the form were lost or delayed in transit.

perform integrated functions," Billings v. Truesdale, 1944, 321 U.S. 542, 547, 64 S.Ct. 737, 741, 88 L.Ed. 917, this does not mean that an induction officer is an agent of the draft board. The induction officer has no power to reopen a classification. Only the local board can. For the reasons stated above, the draft board must acquire actual notice of a conscientious objector claim in time to at least consider whether the classification should be reopened. To the extent that United States v. Stafford, 2 Cir., 1968, 389 F.2d 215, is contrary to this conclusion, we are not inclined to follow it. If the decision in *Stafford* were followed, there would be an opportunity for a registrant to create an *ex post facto* defect in the induction process that might delay or defeat it indefinitely. What happened in that case is illustrative of that possibility. We think that, on principle, our decision in *Palmer* is contrary to the decision in *Stafford*.

### 2. *The claim was insufficient.*

Alternatively, we find that neither the Form 150 nor the typed statement given to the induction officer was sufficient to require the local board to reopen appellant's classification, even if either or both of those documents be considered properly and timely filed. 32 C.F.R. § 1625.2 provides in part that:

" * * * the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252) * * * unless the local board first specifically finds that there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

Therefore, a registrant is not entitled to a reopening of his classification unless he has alleged facts showing a change of status occurring after the order to report for induction.

■ Appellant's typed statement which he handed to the induction officer merely said that he was a conscientious objector and that he "intend[s] to secure judicial review of my First Amendment rights." It did not state when his views matured. The Form No. 150 likewise did not state that appellant's views matured after his induction notice was mailed to him. Instead, it contained statements which are inconsistent with such an allegation.

"The moral code I hold to be true has been developing within me since childhood; however, the most important influence has been that of the last four years at Berkeley, and the thinkers to whom I have been exposed, such as Gibran, Buber, D. H. Lawrence."

See Oshatz v. United States, 9 Cir., 1968, 404 F.2d 9, 11; United States v. Dugdale, 9 Cir., 1968, 389 F.2d 482; Briggs v. United States, 9 Cir., 1968, 397 F.2d 370, 372 (dictum); United States v. Jennison, 6 Cir., 1968, 402 F.2d 51, 54 (alternate holding); Nelloms v. United States, 5 Cir., 1968, 399 F.2d 295.

BROWNING, Circuit Judge, concurs in the result.

Affirmed.