**Robert Allen BROWN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 22894.

United States Court of Appeals Ninth Circuit.

April 18, 1969.

Rehearing Denied May 23, 1969.

Volney V. Brown, Jr. (argued), Beverly Hills, Cal., for appellant.

Dennis E. Kinnaird (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and ELY, Circuit Judges, and SOLOMON,* District Judge.

PER CURIAM:

■ This is an appeal from a judgment of conviction of refusal to submit to induction into the Armed Forces.

"A registrant is not entitled to have a local board reopen his classification where the conscientious objector form is not filed until after the registrant has refused to submit to induction.

---

* Hon. Gus J. Solomon, Chief Judge, United States District Court, Portland, Oregon, sitting by designation.

Palmer v. United States, 9 Cir., 1968, 401 F.2d 226." Blades v. United States, 407 F.2d 1397, 1399 (9th Cir. 1969).

Here the appellant not only failed to file his claim before his refusal to be inducted, but failed to ask for such a form. Appellant mistakenly relies on our decision in Boyd v. United States, 269 F.2d 607 (9th Cir. 1959). In *Boyd,* the appellant was ordered to report for induction, but never received the order, and thereafter requested a conscientious objector form. This request, made nearly three months prior to Boyd's refusal of induction, was granted, and he filed an SSS Form 150, but the Board denied the conscientious objector status without reopening the case. Boyd was thereafter convicted for his unlawful refusal to submit to induction, and we affirmed.

Here appellant refused induction, and then desired to reopen his classification after his crime had been committed. This he cannot do.

Affirmed.