James Lee **STRAIGHT**, Appellant,

v.

**UNITED STATES of America**,
Appellee.

No. 22949.

United States Court of Appeals
Ninth Circuit.

June 18, 1969.

Robert H. Green (argued), Santa Ana, Cal., for appellant.

Allan B. Streller, Asst. U. S. Atty. (argued), Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Crim. Div., Los Angeles, Cal., for appellee.

Before ELY and HUFSTEDLER, Circuit Judges, and SOLOMON, District Judge.*

PER CURIAM:

This appeal follows Straight's conviction for refusing to submit to induction under the Universal Military Training and Service Act. 50 U.S.C. App. § 462. In urging reversal, Straight makes two contentions: (1) That his Local Board was required to reopen his selective service file when he made a sufficient prima facie claim of conscientious objection; (2) That his Local Board acted arbitrarily and capriciously so as to deny him due process of law. We affirm.

I

▮▮▮ Straight claims to have made such a prima facie showing that the Board was required, under the Selective Service Regulations, to reopen his file. While he presented his claim on a Special Form for Conscientious Objectors (SSS Form 150) which he filed with his Board, the form was neither requested nor filed until after he had refused induction, the crime for which he now stands convicted. Therefore, Straight's reliance upon Board actions which occurred after his commission of the crime are not relevant to the propriety of the conviction. A Selective Service Board has no obligation to act upon requests which are made by one of its registrants after the date for his induction has passed. Palmer v. United States, 401 F.2d 226 (9th Cir. 1968).

II

▮▮▮ Between the day on which he refused to submit to induction and the day on which he took his preinduction physical examination, Straight sent the Board three letters. In the first two, he made inquiries pertaining to his classification and supplied certain information which he requested the Board to consider. The third letter sought an appeal of his classification based upon the information which he had supplied in the first two letters. This information was generally to the effect that he smoked marihuana, used the substance known as LSD, and considered himself disloyal to the Government of the United States. These facts, if true, would not establish a valid prima facie claim for exemption and thereby require reopening by the Board. The Board more than fulfilled its obliga-

---

* Honorable Gus J. Solomon, United States District Judge, District of Oregon, sitting by designation.

tion by studying this information and notifying Straight that his letters did not warrant a reopening. Hence, there is no merit in the contention that the Board's disposition of Straight's letters violated his rights under the Fifth Amendment.

Affirmed.