**UNITED STATES of America,**
**Appellee,**

v.

**Barry Lee BLAKELY, Appellant.**

**No. 24278.**

United States Court of Appeals,
Ninth Circuit.

April 8, 1970.

Rehearing Denied April 29, 1970.

J. B. Tietz (argued), Los Angeles, Cal., for appellant.

Edward J. Wallin (argued), Asst. U. S. Atty., Wm. Matthew Byrne, U. S. Atty., Los Angeles, Cal., for appellee.

Before TUTTLE,* ELY, and KIL-KENNY, Circuit Judges.

ELY, Circuit Judge.

Convicted of having refused to submit to induction under the Universal Military Training Act, 50 U.S.C. App. § 462, Blakely appeals.

After having registered with his Local Board, Blakely was, on June 6, 1967, classified I–A, eligible for military service. Shortly thereafter, he was notified of his classification and of his right to appeal the Local Board's decision. He did not choose to appeal and thereafter, having complied with the Board's Order to Report for Physical Examination, was determined to be physically acceptable for military service. On May 6, 1968, he reported for induction, as he had been previously ordered to do, but he refused to submit to induction. After having so refused, and in undertaking to explain his refusal to Selective Service personnel at the induction station, Blakely presented a handwritten statement which reads:

"Thou shall not kill. That is all I need to know. That even the idea of going to war is completely wrong. I have plans in my life to set out and find out the answers of why people would be put here if they were meant to kill each other off like animals. I am not questioning freedom, but is it

freedom that I be expected to take arms against my brothers. It is not in my being that I take any life."

At no previous time had Blakely claimed to be a conscientious objector or sought exemption from military service on the basis of conscientious objector beliefs. In the court below, he testified that such beliefs "crystallized" during his journey, by bus, to his induction station.

■ Some four months after having refused induction, and after having been interviewed by an agent of the Federal Bureau of Investigation, Blakely requested of his Local Board that he be supplied with the special form for conscientious objectors, SSS Form 150. He completed the form, but only partially, and returned it to the Local Board. The Board determined that Blakely's classification should not be reopened.

We have concluded that we are required to affirm the judgment of conviction. In Straight v. United States, 413 F.2d 263 (9th Cir. 1969), at 264, we wrote:

"Straight claims to have made such a prima facie showing that the Board was required, under the Selective Service Regulations, to reopen his file. While he presented his claim on a Special Form for Conscientious Objectors (SSS Form 150) which he filed with his Board, the form was neither requested nor filed until after he had refused induction, the crime for which he now stands convicted. Therefore, Straight's reliance upon Board actions which occurred after his commission of the crime are not relevant to the propriety of the conviction. A Selective Service Board has no obligation to act upon requests which are made by one of its registrants after the date for his induction has passed. Palmer v. United States, 401 F.2d 226 (9th Cir. 1968)."

*See also* Brown v. United States, 409 F. 2d 1354 (9th Cir. 1969); Blades v. United States, 407 F.2d 1397 (9th Cir.

---

* Honorable Elbert Parr Tuttle, Senior United States Circuit Judge, Fifth Circuit, sitting by designation.

1969). *Compare* United States v. Stoppelman, 406 F.2d 127 (1st Cir. 1969).

 Furthermore, if it is assumed, *arguendo,* that Blakely's handwritten explanation of his refusal to submit to induction could be interpreted as an adequate prima facie claim of a change in status, a change arising after the mailing and his receipt of his Notice to Report for Induction, the Local Board was powerless to reopen Blakely's classification without "first specifically" finding that there had "been a change in the registrant's status resulting from circumstances over which the registrant had no control."[1] Selective Service Regulations, 32 C.F.R. § 1625.2. Sitting *en banc,* our court has very recently held that claimed "crystallization" of conscientious objector beliefs is not "a change in * * * status resulting from circumstances over which the registrant had no control." Ehlert v. United States, 422 F.2d 332 (9th Cir. 1970).

On the basis of his testimony, given in the court below, that his alleged conscientious objector beliefs first "crystallized" during his bus trip to his induction station, Blakely urges that our court should reconsider its *Ehlert* decision. As previously noted, Blakely made no claim of such recent "crystallization" at the induction station. The Selective Service file clearly reveals that it was not until Blakely had already refused induction, and thus committed his crime, that he first presented, by way of explanation, anything resembling a representation of conscientious objector beliefs. Thus, even had our court adopted the minority view expressed in *Ehlert,* such a holding would not have affected Blakely's conviction.

Affirmed.

TUTTLE, Circuit Judge (concurring specially).

I agree that in light of the en banc Ehlert decision by this court, we are re-

quired to affirm the judgment of conviction. I think it appropriate to say, however, that if I had been a member of the court I would have associated myself with the dissenting judges and would have concurred in Judge Merrill's opinion.

---

1. Under 32 C.F.R. & 1625.2, the Local Board must, of course, reopen a classification if supplied with a written request of the State Director of Selective Service or the Director of Selective Service so to do. *See* Bowen v. United States, 423 F. 2d 266 (9th Cir. Dec. 29, 1969).