**UNITED STATES of America, Appellee,**

v.

**Earnest J. PRICE, Appellant.**

No. 24268.

United States Court of Appeals, Ninth Circuit.

May 14, 1970.

David M. Rothman, Los Angeles, Cal., for appellant.

William Matthew Byrne, Jr., U. S. Atty., Michael J. Lightfoot, Robert L. Brosio, Asst. U. S. Attys., Criminal Division, Los Angeles, Cal., for appellee.

Before ELY and WRIGHT, Circuit Judges, and JAMESON, District Judge.*

PER CURIAM:

Price appeals from his conviction of having refused to submit to induction under the Universal Military Training and Service Act, 50 U.S.C. App. § 462.

After Price had been found qualified for induction into the armed forces, his local Selective Service Board, on April 23, 1968, mailed him an Order to Report for Induction on May 28, 1968. On

---

* Honorable William J. Jameson, United States District Judge, Billings, Montana, sitting by designation.

April 30, 1968, Price requested an appointment with an Appeal Agent, and on the same day he was mailed a Notice of Appointment (SSS Form No. 218), advising him that his requested appointment had been arranged for May 7, 1968. There is no indication that Price appeared for this appointment. Thereafter, he reported for induction on May 28, 1968, as he had been ordered to do by the Order of April 30, 1968. He refused to submit to induction, however, and, in explanation of his refusal, supplied a handwritten statement which, in its only significant part, reads, " * * * I am the only working member of my family, and I am needed at home to support my family." No such claim had been previously made. On this appeal, Price makes two contentions: (1) That his local Selective Service Board was required, after the new claim of alleged hardship was presented at the induction station, to reopen the registrant's classification; (2) That the arrangement for an appointment with the Appeal Agent effected a *de facto* reopening of the classification.

Neither of the above contentions has merit. The first has been answered, adversely to Price, by our court's decisions in United States v. Blakely, 424 F.2d 1043 (9th Cir. 1970), Straight v. United States, 413 F.2d 263 (9th Cir. 1969), Blades v. United States, 407 F.2d 1397 (9th Cir. 1969), and Palmer v. United States, 401 F.2d 226 (9th Cir. 1968).

As to Price's second contention, neither his request for an appointment with the Appeal Agent, nor the Board's arrangement for the appointment, constituted a reopening of his classification. An Appeal Agent is not himself vested with the power to reopen a classification. The Appeal Agent may request a local board, in writing, to reopen a classification, but even if such a request is made, the Board is vested with the discretion to determine whether it will or will not reopen. 32 C.F.R. § 1625.2(a). Here, the Appeal Agent made no request that Price's classification be reopened, the Board was not required to reopen the classification, and it did not do so. Miller v. United States, 388 F.2d 973 (9th Cir. 1967), is wholly inapposite, and Price's reliance upon our opinion in that case is misplaced.

Affirmed.