**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Arthur Sidney HART, Defendant-**
**Appellant.**

**No. 25897.**

United States Court of Appeals,
Ninth Circuit.

Oct. 29, 1970.

Philip L. Burton (argued) of Paul, Henry, Wheeler, Burton & Meade, Seattle, Wash., for appellant.

Charles A. Schaaf (argued) Asst. U. S. Atty., Stan Pitkin, U. S. Atty., Seattle, Wash., for appellee.

Before HUFSTEDLER, WRIGHT and TRASK, Circuit Judges.

PER CURIAM:

Arthur Sidney Hart appeals his conviction of failing to report for induction into the Armed Forces of the United States in violation of 50 U.S.C., App., § 462(a). We affirm.

He was classified I–A by his local draft board and, after two postponements initiated by the board, he was finally ordered to report for induction on July 16, 1968. Although he had received several questionnaires prior to his induction, he gave the draft board no indication that he was a conscientious objector or otherwise improperly classified as I–A.

Appellant unexplainedly failed to report for induction as ordered. Six days later the local board corresponded with him concerning his failure to report. On July 26, 1968, in response to this correspondence, appellant called his local board and stated that he was a Muslim and could not serve in the armed forces. Thereafter he reported to the local board and requested the necessary form to request re-classification as a conscientious objector. The board refused to supply him with the form on the ground that it could not do so since he had been ordered and failed to report for induction.

Appellant was the only witness at his trial before the district court sitting without a jury. He testified that his in-

ability to serve in the military stemmed from his religious training as a Muslim. At the time of his trial, appellant was 22 years old, had been a Muslim for seven years, but had attended services only occasionally in the last year. The record does not disclose when appellant's alleged beliefs "crystallized" insofar as his inability to serve is concerned.

As to those who fail to report for induction, the Selective Service regulations, 32 C.F.R. § 1642.41(a), provide, in pertinent part:

> "Every registrant who fails to comply with an Order to Report for Induction * * * shall be reported promptly to the United States Attorney on Delinquent Registration Report * * * *Provided*, That if the local board believes by reasonable effort it may be able to locate the registrant and secure his compliance, it may delay the mailing of such Delinquent Registrant Report * * * for a period not in excess of 30 days."

Under these regulations,[1] the local board's authority is limited to an attempt to secure compliance with its order to report for induction. It has no authority to reopen classification based upon information from an inductee which it receives for the first time after his failure to report for induction as ordered. Palmer v. United States, 401 F.2d 226 (9th Cir. 1968).

This is not a case of failure to *exhaust* some arguably available administrative remedy, Lockhart v. United States, 420 F.2d 1143 (9th Cir. 1969) (en banc), but rather a complete failure to *seek* administrative remedies prior to judicial review.

Affirmed.

---

1. Appellant's sole contention on appeal is that reversal of our *en banc* decision in Ehlert v. United States, 422 F.2d 332 (9th Cir. 1970), cert. granted 397 U.S. 1074, 90 S.Ct. 1525, 25 L.Ed.2d 808 (1970), would require reversal here. We do not believe that *Ehlert* controls since it involved a claim presented to the draft board *prior* to the induction date and involved construction of a different regulation, 32 C.F.R. § 1625.2, not involved in this appeal.