**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert Mike SCHRADER, Defendant-
Appellant.**

No. 25564.

United States Court of Appeals,
Ninth Circuit.

Nov. 24, 1970.

Phillip L. Thom (argued), Seattle, Wash., for defendant-appellant.

William H. Rubidge (argued), Asst. U. S. Atty., Stan Pitkin, U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before CHAMBERS, WRIGHT and TRASK, Circuit Judges.

PER CURIAM:

Appellant, Robert Mike Schrader, was found guilty, following a non-jury trial in the District Court for the Western District of Washington, on a single count indictment charging a violation of 50 U.S.C. App. § 462 (Failure to Submit to Induction into the Armed Forces).

Appellant was classified I–A in April, 1966, and no challenge was made to this action. He was ordered to report for induction on June 18, 1968, following three postponements at his request. He failed to report and was ultimately convicted for this failure.

On November 25, 1968, appellant requested an SSS Form 150 (Conscientious Objection) from his local board. On December 24, 1968, more than six

months after his failure to report for induction, he submitted the Form 150 to the local board. It was considered and rejected without reopening his classification.

The authority in this circuit is legion that a registrant is not entitled to a reopening to consider a claim for conscientious objection which is made after a failure to report for induction. United States v. Hart, 433 F.2d 950 (9th Cir. 1970); United States v. Lloyd, 431 F.2d 160 (9th Cir. 1970); United States v. Blakely, 424 F.2d 1043 (9th Cir. 1970); United States v. Robley, 423 F.2d 613 (9th Cir. 1970), petition for cert. filed, 38 U.S.L.W. 3525 (U.S. June 15, 1970) (No. 1693); Straight v. United States, 413 F.2d 263 (9th Cir. 1969); Brown v. United States, 409 F.2d 1354 (9th Cir. 1969); Blades v. United States, 407 F. 2d 1397 (9th Cir. 1969); Palmer v. United States, 401 F.2d 226 (9th Cir. 1968).

"Classification functions of the local board cease with induction, and a registrant cannot, by refusing to submit to induction, impose upon the board any new duties respecting reclassification or reopening." Palmer v. United States, *supra*, 401 F.2d at 227.

After the date for induction has passed and the registrant has failed to respond, the board may have the *power* to reopen should it desire to do so, but the registrant has no right to demand it. Palmer v. United States, *supra*, 401 F.2d at 228 n.1. Here the board did consider the Form 150 and rejected it.

Appellant contends that a letter from the State Director to the local board dated December 11, 1968, should be construed as a mandatory direction to reopen under 32 C.F.R. § 1625.3. Under that regulation, a written request by the State Director to reopen requires the local board to cancel any outstanding order to report for induction. Although this court has recently held that the State Director does have the power under § 1625.3 to order the local board to reopen even after the registrant has refused to

submit to induction, United States v. Lloyd, *supra*, we do not read the letter in question as an exercise of that power. The language used by the State Director indicates unmistakably that the local board was directed to consider the Form 150 in light of its limited authority under § 1625.2. No mention is made of § 1625.3. Nor would the most fanciful construction of the letter suggest that the State Director was invoking his power under that section.

We find no error and the judgment is affirmed.