UNITED STATES of America, Appellee,

v.

Eugene Sanger DANIELL, III, Defendant, Appellant.

No. 7689.

United States Court of Appeals, First Circuit.

Dec. 11, 1970.

Gerald R. Prunier, Nashua, N. H., with whom Leonard, Leonard, Prolman & Prunier, Nashua, N. H., was on the brief, for appellant.

William B. Cullimore, Asst. U. S. Atty., with whom David A. Brock, U. S. Atty., was on the brief, for appellee.

Before ALDRICH, Chief Judge, Mc-ENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Defendant appeals from a conviction for admitted refusal to be inducted into the armed forces, asserting that his draft board failed to consider his claim to be classified as a conscientious objector. The draft board in fact did not consider the claim, the form not having been received until after defendant had been called upon to take the step forward, and had refused.

The background facts are these. After defendant had passed his physical, and the prospect of induction was close, he notified his board that he wished to file a conscientious objector claim. The board promptly sent him a form, which recited that it should be completed and returned in 30 days. Defendant received the form about two days after its mailing date of January 29, 1969, but thereafter did nothing. On March 10 he received a notice to report for induction on April 3 at 7:00 A.M. On April 1 he filled out the form and mailed it to the board. He did not answer all questions, notably as to the date when his views were formed.

At the trial defendant offered no explanation for not filing the form sooner, except to state that he had difficulty in making up his mind until the evening of April 1, when he "had no further time to weigh the issue. I had to make my decision." Although no episode of any kind had occurred in the interval since January 29, he regarded the requirement that he make up his mind sooner to be "morally unacceptable," and asserted that mailing in time to be received the day he was scheduled to report—although manifestly later in the day, and too late to be considered—was timely. The district court, 314 F.Supp. 827 found him guilty.

The purpose of allowing an exception to conscientious objectors is a deep-seated one, based upon moral principles, and is not intended as a technical road-block to afford registrants procedural opportunities to interfere with the induction process. The Service's 30-day requirement in a case such as this one is reasonable, and the fact that the defendant's form was received by the local board too late to process is determinative. As we discussed in United States v. Stoppelman, 1 Cir., 1969, 406 F.2d 127, 131–133, cert. den. 395 U.S. 981, 89 S.Ct. 2141, 23 L.Ed.2d 769 a conscientious objector form filed after the induction date has been uniformly held to create no right in the registrant to demand a reopening of his classification. We affirmed that position most recently in United States v. Hosmer, 1 Cir., 1970, 434 F.2d 209 and see no reason to modify our views. By the same token, defendant's alternative argument, that the significant filing date was the date of mailing the form rather than the date of receipt by the local board, is also without merit. Blades v. United States, 9 Cir., 1969, 407 F.2d 1397.

Defendant's case of United States v. Stafford, 2 Cir., 1968, 389 F.2d 215, does not support him. The court there found the registrant had made a good faith mistake. Here the defendant made no such mistake, but simply attempted to profit by dilatory tactics.

Affirmed.