**UNITED STATES of America, Appellee,**

v.

**Robert Ernest PRINGLE, Jr., Defendant, Appellant.**

No. 7754.

United States Court of Appeals,
First Circuit.

Heard Feb. 23, 1971.
Decided March 11, 1971.

Before ALDRICH, Chief Judge, Mc-ENTEE and COFFIN, Circuit Judges.

PER CURIAM.

This is an appeal from a conviction for refusal to submit to induction. The defendant was classified I-A in December 1967. After some abortive student deferments, he was again classified I-A, from which classification he took no appeal. He was ordered to report for induction on April 17, 1969. He appeared, but refused to take the step forward. In October 1969 he was indicted. He entered a plea of not guilty. The following April defendant submitted SSS Form 150, claiming to be a conscientious objector. The Board took no action. Thereafter he was tried and convicted. He appeals.

■ The short answer to defendant's claim that he should have been acquitted is that even if the Board had reclassified him in April 1970, this would be no defense to his refusal to respond to an earlier order of induction, lawful on its face. United States v. Daniell, 1 Cir., 1970, 435 F.2d 834; United States v. Hosmer, 1 Cir., 1970, 434 F.2d 209; United States v. Stoppelman, 1 Cir., 1969, 406 F.2d 127, 131–133, cert. denied 395 U.S. 981, 89 S.Ct. 2141, 23 L.Ed.2d 769. Defendant's contention that he was improperly classified I-A because, in fact he was a conscientious objector all the time, although he had not advanced the claim, is totally lacking in merit. A registrant cannot normally have a court finding that he was improperly classified unless he has pursued his administrative remedy on the issue. Defendant's attempt to rely on McKart v. United States, 1969, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194, a case we have already characterized as exceptional,[1] fails to note that the Court expressly distinguished factual and discretionary determinations from matters of statutory interpretation.[2]

David Woodbury, with whom Devine, Millimet, McDonough, Stahl & Branch, Manchester, N. H., was on brief, for appellant.

William B. Cullimore, Asst. U. S. Atty., with whom David A. Brock, U. S. Atty., was on brief, for appellee.

---

1. See United States v. Powers, 1 Cir., 1969, 413 F.2d 834, 837, cert. denied 396 U.S. 923, 90 S.Ct. 256, 24 L.Ed.2d 205.

2. The *McKart* Court placed considerable emphasis in its opinion on the fact that the issue raised was "solely one of stat-

■ Nor, finally, is there any merit in defendant's claim that he failed to file for a conscientious objector classification earlier because he had not realized he was qualified therefor. United States v. Powers, n. 1 ante, at 836–837.

The judgment is affirmed. We see no conceivable basis for seeking certiorari, and mandate will not be stayed beyond the customary 21 days.

utory interpretation." 395 U.S. at 197–198, 89 S.Ct. 1657. The distinction between *administrative misinterpretation of evidence* and *of a statute* is fundamental. Oestereich v. Selective Service System Local Board, 1968, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402; Myers v. Bethlehem Ship Bldg. Corp., 1938, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638.