**UNITED STATES of America,
Appellee,**

v.

**Clark Allen ROBERTS, Appellant.**

**No. 20680.**

United States Court of Appeals,
Eighth Circuit.

June 11, 1971.

Patrick W. Brick, Scalise, Scism, Gentry, Brick & Brick, Des Moines, Iowa, for appellant.

Allen L. Donielson, U. S. Atty., and Richard J. Barry, Asst. U. S. Atty., Des Moines, Iowa, for appellee.

Before VAN OOSTERHOUT, HEANEY and ROSS, Circuit Judges.

ROSS, Circuit Judge.

This is a direct criminal appeal from a conviction of Clark Allen Roberts for refusal to submit to induction under 50 U.S.C. App. § 462. We affirm.

Roberts registered with the Selective Service System in March, 1964. From April, 1964 to August, 1969, he was classified twice as I–S, four times as II–S and four times as I–A. In addition, in December, 1968, he applied to and was rejected by the Officers' Candidate School of the United States Army. On August 5, 1969, he was again classified I–A and was ordered on September 12, 1969, to report for induction on October 8, 1969. A previous induction order of February 18, 1969, had been cancelled by his classification to I–S.

On November 19, 1969, after Roberts requested and received a transfer for induction which necessitated a new reporting date, he refused to submit to induction. At no time prior to the date scheduled for induction had Roberts filed, or even requested, Selective Service Form 150 requesting classification as a conscientious objector.

He was indicted on April 22, 1970.

After the indictment, the United States Attorney, at the request of Roberts' court appointed counsel, returned his Selective Service file to the local board to allow the registrant the opportunity to present his conscientious objector claim. His Form 150 was filed on June 23, 1970, and after a courtesy interview with two board members on July 14, 1970, the board on July 16, 1970, declined to reopen the file. A classification memorandum of July 16, 1970, indicates that the board refused to reopen Roberts' classification because his "objection is to Viet Nam War and not wars in general."

Roberts claims on appeal that the district court erred in overruling his motion for a judgment of acquittal, and in its ruling and instruction that there was

and is a basis in fact for the action of the board in refusing to reopen his classification. He claims that our decision on this point must rest upon a determination of two questions: (1) Did Roberts' written and oral statements to the draft board constitute a prima facie case for a new classification as a conscientious objector? and (2) If they did set forth new facts sufficient to constitute such a prima facie case for reopening, did Roberts waive his right to reclassification by failing to request the same prior to receiving his order to report for induction?

However, the Court believes that the questions which need to be answered in this case are: (1) Did Roberts waive his right to reclassification, even if he was entitled to it, by failing to request the same prior to refusing to submit to induction? and (2) If Roberts did have a right to reclassification after the United States Attorney returned his file to the local board, would that reclassification have any legal effect on his earlier indictment?

First, an individual has no right to be reclassified after his refusal to report for induction. In United States v. Daniell, 435 F.2d 834, 835 (1st Cir. 1970) (Per Curiam), cert. denied, 401 U.S. 982, 91 S.Ct. 1201, 28 L.Ed.2d 334 (1971), the Court said that "a conscientious objector form filed after the induction date has been uniformly held to create no right in the registrant to demand a reopening of his classification." Also, in United States v. Schrader, 435 F.2d 854, 855 (9th Cir. 1970) (Per Curiam), the Court said:

"The authority in this circuit is legion that a registrant is not entitled to a reopening to consider a claim for conscientious objection which is made after a failure to report for induction. United States v. Hart, 433 F.2d 950 (9th Cir. 1970); United States v. Lloyd, 431 F.2d 160 (9th Cir. 1970); United States v. Blakely, 424 F.2d 1043 (9th Cir. 1970); United States

v. Robley, 423 F.2d 613 (9th Cir. 1970), petition for cert. filed, 38 U.S. L.W. 3525 (U.S. June 15, 1970) (No. 1693); Straight v. United States, 413 F.2d 263 (9th Cir. 1969); Brown v. United States, 409 F.2d 1354 (9th Cir. 1969); Blades v. United States, 407 F.2d 1397 (9th Cir. 1969); Palmer v. United States, 401 F.2d 226 (9th Cir. 1968)."

*See also* United States v. Johnson, 439 F.2d 700 (9th Cir. 1971) (Per Curiam). The reason for such a rule appears to be expressed in Blades v. United States, 407 F.2d 1397, 1399 (9th Cir. 1969), where the Court said:

> "The registrant's purpose in filing a document such as Form No. 150 for conscientious objectors is to have the local board reopen a classification. If the Board does not have the form before the time for induction, it can hardly be faulted for not reopening. *At the point of induction, its classification function had ceased.* United States v. Palmer, *supra.* [401 F.2d 226 (9th Cir. 1968)].
>
> 'There must be some end to the time when registrants can raise a claim of conscientious objection to induction, and raise and re-raise an alleged right to review. Any other conclusion would result in chaos.' Boyd v. United States, 9 Cir., 1959, 269 F.2d 607–612. See also Hoapili v. United States, 9 Cir., 1968, 395 F.2d 656, 657–658." (emphasis added)

Furthermore, after a registrant has refused induction, the authority of the selective service board is limited to attempting to secure the registrant's compliance with the induction order. In United States v. Hart, 433 F.2d 950, 951 (9th Cir. 1970) (Per Curiam), the Court made this observation:

> "As to those who fail to report for induction, the Selective Service regulations, 32 CFR § 1642.41(a), provide, in pertinent part:
>
> 'Every registrant who fails to comply with an Order to Report for In-duction * * * shall be reported promptly to the United States Attorney on Delinquent Registration Report * * * *Provided,* That if the local board believes by reasonable effort it may be able to locate the registrant and secure his compliance, it may delay the mailing of such Delinquent Registrant Report * * * for a period not in excess of 30 days.'
>
> "Under these regulations, the local board's authority is limited to an attempt to secure compliance with its order to report for induction. It has no authority to reopen classification based upon information from an inductee which it receives for the first time after his failure to report for induction as ordered. Palmer v. United States, 401 F.2d 226 (9th Cir. 1968)." (footnote omitted)

Second, even assuming arguendo, that Roberts had a right to be reclassified after the file was returned to the local board, such reclassification could not have had any legal effect on his earlier indictment for refusing to be inducted under a valid order to report for induction. In United States v. Hosmer, 434 F.2d 209, 211 (1st Cir. 1970), a case very similar to this, the Court said:

> "Defendant does not contend that the induction order was defective at the time he refused to submit to it. On the contrary, he claims that his conscientious objection 'crystallized' after that date. *Cf.* United States v. Stoppelman, 406 F.2d 127, 131 n. 7 (1st Cir.), cert. denied, 395 U.S. 981, 89 S. Ct. 2141, 23 L.Ed.2d 769 (1969); United States v. Stafford, 389 F.2d 215, 218 (2d Cir. 1968). As we said in United States v. Powers, 413 F.2d 834 (1st Cir.), cert. denied, 396 U.S. 923, 90 S.Ct. 923, [256], 24 L.Ed.2d 205 (1969), 'once a valid order to report for induction has been wilfully disobeyed, a crime has been committed, and "[w]hat occurs after refusal * * * is not relevant to that issue." '

*Id.* at 838. *Accord* United States v. Stoppelman, *supra,* at 406 F.2d 131–133; Palmer v. United States, 401 F.2d 226 (9th Cir. 1968); United States v. Stafford, *supra* (by implication); Davis v. United States, 374 F. 2d 1, 4 (5th Cir. 1967). Thus, even if defendant is correct that his induction order should have been cancelled in January 1970, he would still be guilty of refusal to submit to induction in August 1969 when his induction order was admittedly valid."

*See also* United States v. Pringle, 438 F.2d 1216 (1st Cir. 1971) (Per Curiam).

This case also resembles Straight v. United States, 413 F.2d 263 (9th Cir. 1969) (Per Curiam) and United States v. Blakely, 424 F.2d 1043 (9th Cir. 1970) where registrants failed to request or to file their Forms 150 until after they had refused to be inducted. The Court said in Straight v. United States, *supra,* 413 F.2d at 264 and quoted with approval in United States v. Blakely, *supra,* 424 F.2d at 1044 the following:

> "Straight claims to have made such a prima facie showing that the Board was required, under the Selective Service Regulations, to reopen his file. While he presented his claim on a Special Form for Conscientious Objectors (SSS Form 150) which he filed with his Board, the form was neither requested nor filed until after he had refused induction, the crime for which he now stands convicted. Therefore, Straight's reliance upon *Board actions which occurred after his commission of the crime are not relevant to the propriety of the conviction.* A Selective Service Board has no obligation to act upon requests which are made by one of its registrants after the

date for his induction has passed. Palmer v. United States, 401 F.2d 226 (9th Cir. 1968)." (emphasis added)

▬ Since we have determined that a registrant has no right to have his classification reconsidered after his refusal to submit to induction and, even if he had such a right, such a reclassification would not affect his prosecution for failure to submit to induction, we do not deem it necessary to determine whether Roberts' written and oral statements to his board after indictment constituted a prima facie case for a new classification as a conscientious objector. Once Roberts refused to be inducted, the crime was committed unless there was a defect in the Selective Service proceeding *prior* to that date. We can find no such defect.

Judgment affirmed.

HEANEY, Circuit Judge (concurring).

I concur in the result reached in this case. I do so because I believe the record clearly indicates that the local board did not reopen the defendant's classification and that the local board had a basis in fact for its refusal to do so.

Reopening of a classification is dependent upon the presentation of facts, not previously considered, which, if true, would justify a change in the registrant's classification. 32 C.F.R. § 1625.-2. Here, the facts presented by the registrant indicated that the registrant selectively objected to the Viet Nam War. Such views do not entitle one to a conscientious objector classification. Gillette v. United States, 401 U.S. 437, 91 S.Ct. 828, 28 L.Ed.2d 168 (March 8, 1971).