**UNITED STATES of America, Appellee,**

v.

**David Henry HOLMES, Appellant.**

**No. 352, Docket 32788.**

United States Court of Appeals Second Circuit.

Argued Dec. 10, 1969.

Decided Jan. 12, 1970.

Stewart H. Jones, U. S. Atty., Hartford, Conn., for appellee.

Karl Fleischmann, Hartford, Conn. (Satter & Fleischmann, Hartford, Conn., on the brief), for appellant.

Before MOORE and KAUFMAN, Circuit Judges, and RYAN,* District Judge.

IRVING R. KAUFMAN, Circuit Judge:

The question before us on this appeal is whether a Selective Service registrant who orally asserts conscientious objections to military service at the induction station is entitled to have this claim considered and evaluated by the Selective Service System.

David Holmes registered with Selective Service Local Board No. 1 in Hartford, Connecticut on October 5, 1961. For the next several years, while an undergraduate at Trinity College in Hartford and a graduate student at Trinity and the University of Michigan, he had a student deferment (class II–S). On October 10, 1967, shortly after Holmes had notified his local board that he was no longer a student at the University of Michigan, he was placed in class I–A. Two months later he accepted a position as an assistant instructor in history at Eastern Connecticut State College. On this ground, he requested, and was granted, an occupational deferment (class II–A). This deferment expired April 1, 1968, but Holmes was assured by the board that he would be allowed to

* Of the District of Montana, sitting by designation.

complete the spring semester. Since he planned to continue teaching after the end of this semester, Holmes considered this assurance inadequate and, shortly after April 1, he began to devote considerable effort to securing another occupational deferment. These efforts were not to cease until the following December 3, the date on which he was ultimately required to report for induction. During the first part of this period, the summer of 1968, Holmes's teaching plans for September 1968 were in flux. In the end, he decided to remain at Eastern Connecticut State College where he secured a position as a part-time instructor teaching two history courses in the evening session. The local board determined that this position did not merit an occupational deferment, and, on October 10, the state Appeal Board affirmed this decision. In early November Holmes twice requested his board to reopen his classification, first on the ground that he was teaching three rather than two courses and, second, because he would become a full-time teacher in the second semester. The board denied both requests and, on November 15, ordered him to report for induction on December 3, 1968. Immediately after the issuance of this induction order, the President of the College requested that Holmes's induction be postponed until the end of the academic year, June 1969, but the request was denied on November 27. Two days after this denial, the College President again attempted to have Holmes's induction deferred, this time for a shorter period expiring February 1, 1969.

As required by the induction order, Holmes reported to the induction station on the morning of December 3. At that time he was without knowledge of any action state Selective Service headquarters had taken upon the President's second request. He brought this matter to the attention of a Lt. Lukoff, an officer at the induction station, who, after telephoning state headquarters, advised Holmes that the request had been denied.

During his processing at the induction station, Holmes declined to sign a form oath swearing to comply with the requirements for serving on active duty and fulfilling subsequent reserve commitments. When asked by the processing officer why he was following this course of action, Holmes responded that he intended to refuse induction "on grounds of conscience." Lt. Lukoff was then notified of this intent, but precisely what transpired in the resulting conversations between Lukoff and Holmes is somewhat murky.[1]

Holmes testified he clearly informed Lukoff that his refusal to submit to induction was based "on grounds of conscience" but that he was not given an opportunity to reduce his views to writing; Lukoff testified that, although Holmes might have employed the word "conscience," he recalled Holmes expressing only generalized statements of moral opposition and disillusionment with the system. Lukoff also stated that although his recollection was somewhat hazy, he assumed Holmes had been asked whether he wished to make a written or oral statement, an opportunity customarily given to all who had expressed an intention to refuse induction.

It is undisputed that Holmes was given three opportunities to take the oath of induction and that each time he refused to do so. Thereafter, the induction station notified the local board merely that Holmes had been found fully acceptable and had refused induction. The local board thereupon reported Holmes to the United States Attorney as a delinquent. Accordingly, there was no consideration within the Selective Service System of the claim for conscientious objector status which Holmes insisted he had made at the induction station.

1. This uncertainty stems from the failure of the district court to resolve conflicts in the testimony. The court considered this unnecessary because under its view of the law, Holmes could not prevail even if all of his testimony were accepted.

918

■ On December 20, 1968 Holmes was indicted on charges of refusing to submit to induction. Three months after indictment and one week before his trial, he notified his local board for the first time that he was a conscientious objector and that he had presented this claim at the induction station.[2] His conviction on the charges set forth in the indictment followed a trial before Judge Blumenfeld, sitting without a jury. It rested on the district judge's conclusions that a Selective Service registrant must lodge a written request for reclassification if he wishes his local board to take any action and that an oral request will avail him nothing, even if meritorious.

■ In view of this disposition, the sole question before us on this appeal is whether a claim for classification as a conscientious objector presented orally at the induction station merits consideration and evaluation by the Selective Service System. Although we have not previously been presented with this precise pattern of facts, we do not write on a *tabula rasa*. We have already held that despite the inconvenience occasioned by the reopening of a registrant's classification after he has been called for induction, a registrant whose conscientious objections crystallize only after the issuance of an induction order and who presents his request for classification as a conscientious objector at the earliest possible time, is entitled to have his classification reopened and considered anew. United States v. Gearey, 368 F.2d 144 (2d Cir. 1966), *cert. denied,* 389 U.S. 959, 88 S.Ct. 335, 19 L.Ed.2d 368 (1967). Moreover, we have decided that it matters not that a registrant mistakenly presented his request to the

officials at the induction station rather than to the local board. "[A] legally untutored registrant should [not] be penalized for his failure to distinguish between * * * two agencies," which form part of a single continuing process. United States v. Stafford, 389 F.2d 215 (2d Cir. 1968). *Stafford* requires us therefore to view Holmes's statement at the induction station as having been addressed to an appropriate body.

■ The sole distinction we can perceive between the instant case and *Stafford* is that Stafford presented his claim in writing while Holmes allegedly made his orally. The district court, however, considered this distinction crucial, basing its decision on the requirements of the Selective Service regulation governing the reopening of classifications, 32 C.F.R. § 1625.2. This regulation states that "[t]he local board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant" or (b) "upon its own motion if such action is based upon facts not considered when the registrant was classified," and if such facts have been brought to the attention of a member of the board, reduced to writing, and placed in the registrant's file.[3] *See* 32 C.F.R. § 1623.1(b). We read this regulation to provide that a local board may not reopen a registrant's classification solely on the basis of his oral statements. We do not read it, however, as authorization to totally ignore a registrant's oral statements. In reaching the conclusion that a local board or induction personnel may not totally ignore oral requests for reclassification, we are mindful of the Supreme Court's admonition that "[r]egistrants are not to be

2. His conscientious objection was set forth in a letter to his local board. The able district judge quite properly gave no weight to this letter. Events which occur after a refusal to submit to induction are generally not relevant to whether there was a duty to submit. Palmer v. United States, 401 F.2d 226 (9th Cir. 1968).

3. The means by which these new facts are generally reduced to writing is Selective Service Form 119 (Report of Oral Information). Whenever a member or employee of a Selective Service Board receives oral information from the registrant or some other individual as a result of a personal visit or telephone call, he notes the substance of this information on Form 119. The information may then be considered by the board in determing the registrant's classification.

treated as though they were engaged in formal litigation assisted by counsel." Simmons v. United States, 348 U.S. 397, 404 n. 5, 75 S.Ct. 397, 401, 99 L.Ed. 453 (1955). This caveat has particular vitality in conscientious objector cases. For example, in our decisions in *Gearey* and *Stafford* we gave recognition to this maxim by instructing that the Selective Service regulation which provides that only in extraordinary circumstances shall a registrant's classification be reopened after issuance of an induction order, *see*, 32 C.F.R. § 1625.2, should not be applied to foreclose all conscientious objector claims presented after an induction order is issued. The rationale for these decisions was that imminence of induction could cause previously inchoate feelings suddenly to crystallize into firm and sincere conscientious objections to military service.

The facts before us indicate that Holmes might well have gone to the induction station with the belief that his induction would be deferred because of the request of the President of Eastern Connecticut State College. He was not faced with the realization that he was about to be inducted until he learned of the denial of the President's request from Lt. Lukoff—some time after he arrived at the induction station. In the light of our decisions in *Gearey* and *Stafford*, it would be somewhat anomalous for us, considering the facts before us, to require a registrant on all occasions either to prepare a formal written statement of his views in advance of his induction date or to forfeit his claim of conscientious objector status.

■ Accordingly, we hold that if Holmes did make an oral claim at the induction station for classification as a conscientious objector, the officers at the station should have brought this claim to the attention of the local board. See United States v. Stafford, 389 F.2d 215, 219 (2d Cir. 1968). In any event, it would have been quite simple to have

explained to Holmes the necessity for a full written statement and then to have given him an opportunity to make it or to have reduced to writing in his behalf —on a form readily available—the oral statement he wished to make.[4] Since, as we have stated, local boards are already required to take cognizance of late-maturing conscientious objector claims, see United States v. Stafford, *supra*, and in light of Lt. Lukoff's testimony that it is already the policy of induction stations to afford an opportunity to make a written or oral statement to all prospective inductees who signify an intent to refuse induction, we see little merit to the argument that this decision will place extraordinary burdens on the Selective Service System.

■ Because the district court failed to resolve the conflicting versions of the exchanges between Holmes and Lukoff, we are in no position to determine whether Holmes did in fact present an oral claim for conscientious objector status. We remand, therefore, for the district court to determine whether Lt. Lukoff, or any other officer at the induction station, could reasonably have been expected to construe Holmes's statements as expressions of conscientious objections to military service.

■ Even if any one of the officers could have been expected to have interpreted the statements as a request for classification as a conscientious objector, we see no reason to dismiss the indictment. United States v. Gearey, *supra*. In that event, the district judge should require the local board to determine at what point Holmes's alleged convictions matured and, if they matured after issuance of the induction order, whether he is entitled to classification as a conscientious objector. If the board should find either that Holmes's beliefs crystallized prior to issuance of the induction order or that his beliefs are not sincere and in conformity with the statutory standards, and if the district court should deter-

4. For a description of the form which could be utilized by the officials at the induction station, see note 3 *supra.*

mine that this finding is supported by the necessary basis in fact, his conviction may stand.[5] United States v. Gearey, *supra*; United States v. Stafford, *supra*. Only if the district court finds that Holmes made a claim for conscientious objector status prior to refusing induction and if the board decides both that his convictions matured after the issuance of the induction order and that their content and the sincerity with which they are held entitles Holmes to classification as a conscientious objector must the indictment be dismissed.

Remanded for proceedings in accordance with this opinion.

---

5. As we stated in *Gearey*, the only objection to this disposition is the argument that, if his conscientious objector claim had been considered and rejected on the merits by his local board, Holmes might have submitted to induction. However, Holmes, as did Gearey, testified that under no circumstances could he or would he be inducted into the armed services.