**UNITED STATES of America**

v.

**Eugene Sanger DANIELL, III.**

**Crim. A. No. 6966.**

United States District Court,
D. New Hampshire.

June 29, 1970.

David A. Brock, U. S. Atty., Concord, N.H., for plaintiff.

Gerald R. Prunier, Leonard, Leonard, Prolman & Prunier, Nashua, N.H., for defendant.

## MEMORANDUM OPINION

BOWNES, District Judge.

Eugene Sanger Daniell, III, was indicted for refusing to submit to induction into the Armed Forces of the United States in violation of 50 U.S.C. App. § 462 (Supp. IV 1968).[1] He has been tried by the Court without a jury. The principal and decisive issue presented is whether or not defendant's claim for conscientious objector status was received by the Local Board in time to require consideration.

The Court finds the following facts. The defendant registered at the Local Selective Service Board in Concord, New Hampshire, on June 9, 1965, shortly after his eighteenth birthday. He was clas-

---

1. Although the indictment specifies § 462, it is clear that § 462(a) was intended, and so understood by all parties.

sified I–A on June 23, 1965. On September 28, 1965, he notified the Local Board that he was enrolled at Harvard College as a full-time student, and on October 20, 1965, he was reclassified II–S (student deferment), a classification which he maintained until July 23, 1968, when he was reclassified I–A. On June 19, 1968, the defendant requested an occupational deferment stating he planned to teach school. On August 20, 1968, he was reclassified II–A (occupational deferment). On October 18, 1968, he notified the Board that he was no longer employed as a teacher, and he was reclassified I–A on October 29, 1968. On November 1, 1968, the defendant was notified of this classification and also of his right to a personal appearance before the Local Board and to appeal to the State Appeal Board within thirty days. The defendant did not request a personal appearance and did not appeal his classification. Defendant was ordered to report, and did report, for a physical examination on December 19, 1968, and was found "acceptable" on January 9, 1969.

On January 29, 1969, the defendant requested by letter that the Local Board send him a Special Form for Conscientious Objector (SSS Form 150), which was sent to him that day. When the defendant received the form, he noted that it contained the statement "Complete and return within 30 days."

On March 10, 1969, the defendant was ordered to report for induction on April 3, 1969. On April 3, 1969, the defendant reported, as ordered, but, after being found qualified and given all the proper warnings, he refused to take the symbolic step forward. On that same day, April 3, the Local Board received the defendant's completed Special Form for Conscientious Objector, which had been completed and mailed on April 1, 1969.

■■ It is a settled law in this and other circuits, that a registrant has no right to have his Board consider a post-induction date conscientious objector claim. United States v. Stoppelman, 406 F.2d 127, 131–133 (1st Cir. 1969), cert. denied, 395 U.S. 981, 89 S.Ct. 2141, 23 L.Ed.2d 769 (1969); Palmer v. United States, 401 F.2d 226 (9th Cir. 1968). Orderly administration of the Selective Service System requires a cut-off date that both the registrant and Board can focus on with a reasonable degree of certainty. Absent exceptional circumstances, it is neither unfair nor unreasonable to hold that a conscientious objector claim must be received by the Local Board in sufficient time prior to the date of induction to allow consideration by the Board. The reasoning of the Court in *Stoppelman* is particularly pertinent:

> Were the law to permit registrants to remain silent after being ordered to report for induction, to refuse induction (or to fail to appear for induction) and only subsequently by a first request for reopening of their status on grounds of conscientious objection to compel board consideration of the request, a premium would be placed on dilatory tactics, on a deliberate strategy of non-compliance, or on extreme diffidence and neglect —or a combination of all. Moreover, such an indulgence granted to the registrant who fails to report for and submit to induction would discriminate against the registrant who pursued his rights in a timely manner, was unsuccessful, but dutifully reported for and submitted to induction. Such a person could well reflect that the day of reckoning is better postponed by sleeping on one's rights. 406 F.2d at 132–133.

Insofar as United States v. Gearey, 368 F.2d 144 (2nd Cir. 1966) and United States v. Stafford, 389 F.2d 215 (2nd Cir. 1968), *may* be authority for the position that a claim to conscientious objection status must be considered by the Local Board even if made for the first time on the day of induction, we refuse to follow them.

■ The Court rules that the defendant's conscientious objector claim was

not received by the Local Board in time to require consideration by the Board.

The Court finds that on April 3, 1969, at Manchester, New Hampshire, the defendant willfully and knowingly refused to comply with a valid order of his Local Selective Service Board to submit to induction into the Armed Forces of the United States. The Court, therefore, finds the defendant guilty of the offense charged in the indictment.

Sentencing is set for July 27, 1970.