**UNITED STATES of America**

v.

**Joseph Rinaldo FARGNOLI, Jr.**

**Crim. Indictment No. 7569.**

United States District Court,
D. Rhode Island.

Sept. 23, 1971.

Lincoln C. Almond, U. S. Atty., Constance L. Messore, Asst. U. S. Atty., Providence, R. I., for plaintiff.

Seth K. Gifford, Providence, R. I., for defendant.

## OPINION

DAY, District Judge.

The defendant is charged in an indictment with refusing to submit to induction into the United States Army in violation of 50 U.S.C. App. § 462(a). He waived his right to a trial by jury and was tried to the Court. At the conclusion of said trial I reserved decision pending the filing of memoranda by counsel for the Government and for the defendant which have been carefully considered by me.

The essential facts are not in dispute. The defendant was born on July 7, 1944 and on July 17, 1962 he registered with his Selective Service Board, Rhode Island Local Board No. 7. After the return of his classification questionnaire to said Local Board No. 7, he was originally classified I–A on September 19, 1962. Thereafter he was granted several student deferments and was classified II–S while attending college and graduate school. When he had almost completed his graduate studies for a M.A. degree he wrote to said Local Board No. 7 on January 7, 1968 inquiring as to whether or not he could secure a further deferment if he were accepted in a doctorate program. In said letter he recognized the existence of his military obligation. On January 15, 1968 he was advised by said Local Board No. 7 that under existing regulations "we do not anticipate granting a continuance of your student deferment after you receive your M.A. in August 1968." Subsequently, on April 27, 1968, he advised said Board that he had applied for admission to the Air Force Officers Training School and that he had been rejected

for medical reasons. Subsequent medical examinations established that he was not suffering from any physical disability. On May 13, 1968 he was reclassified I–A and on December 12, 1968 he was directed to report for induction on January 15, 1969. He appeared at the induction center as directed. He refused on two occasions to step forward and submit to induction. On January 17, 1969 said Local Board No. 7 sent a delinquency report to the United States Attorney for the District of Rhode Island advising him of the defendant's refusal to submit to induction on January 15, 1969. On May 15, 1969 the instant indictment against him was returned by the Grand Jury.

Thereafter, on June 4, 1969, he filed his Selective Service System Special Form For Conscientious Objector (SSS Form 150), with said Local Board. In his letter which accompanied it he stated that when he received his notice to report for induction he had not made "an irrevocable decision to be a conscientious objector". He requested said Local Board No. 7 to reopen his classification and "to cancel my induction". On June 9, 1969 he was granted a courtesy interview with the members of said Local Board No. 7 and was advised by letter dated June 10, 1969 that the information submitted by him did not warrant the reopening of his classification. Subsequently, on January 8, 1971, the defendant filed a second SSS Form 150. When he filed said second SSS Form 150 he did not request a hearing and said Local Board took no action with respect thereto.

During his trial the defendant testified that he requested and filed said second SSS Form 150 because he "thought that perhaps they would have a more current form that would be more suitable for myself". When questioned about the significance of two papers he had attached to said form he answered "I wanted to substantiate in some way that I had given consideration to this whole question of serving in the armed forces or participating in war prior to my in-

duction or being inducted". Upon questioning by the Court and his counsel, he said he actually meant prior to receiving said notice to report for induction.

At no time prior to December 12, 1968 did the defendant seek any information or advice from his local board as to his eligibility to be classified I–O because of his claimed beliefs.

■■ Defendant's defense to the offense alleged in the indictment is that he is and was at the time he admittedly refused to submit to induction a non-religious conscientious objector and that only since the decision of the Supreme Court in Welsh v. United States, 398 U. S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970), has a non-religious conscientious objector been eligible for exemption from military service. He also contends that when said Local Board No. 7 granted him an interview on June 9, 1969, it reopened his classification and thereby cancelled its order that he submit to induction. In my opinion both of these contentions are without merit.

■ It is well settled that even if said Local Board No. 7 had reclassified him as I–O on June 9, 1969, this would be no defense to his refusal to submit to induction on January 15, 1969 pursuant to an order of induction that was lawful on its face. United States v. Roberts, 443 F.2d 1009 (8 Cir. 1971); United States v. Pringle, 438 F.2d 1216 (1 Cir. 1971); United States v. Daniell, 435 F. 2d 834 (1 Cir. 1970); United States v. Hosmer, 434 F.2d 209 (1 Cir. 1970); United States v. Powers, 413 F.2d 834 (1 Cir. 1969), cert. denied 396 U.S. 923, 90 S.Ct. 256, 24 L.Ed.2d 205; United States v. Stoppelman, 406 F.2d 127 (1 Cir. 1969), cert. denied, 395 U.S. 981, 89 S.Ct. 2141, 23 L.Ed.2d 769; Palmer v. United States, 401 F.2d 226 (9 Cir. 1968).

In United States v. Powers, supra, the Court of Appeals held at page 838 of 413 F.2d:

"But it remains true that once a valid order to report for induction has been wilfully disobeyed, a crime has been committed and '[w]hat occurs after refusal * * * is not relevant to that issue'. Palmer v. United States, 401 F.2d 226, 228 (9th Cir. 1968); Blades v. United States, 407 F.2d 1397 (9th Cir. 1969). * * * *"

Similarly in United States v. Hosmer, supra, the Court of Appeals said at page 211 of 434 F.2d:

"Defendant does not contend that the induction order was defective at the time he refused to submit to it. On the contrary, he claims that his conscientious objection 'crystallized' after that date. Cf. United States v. Stoppelman, 406 F.2d 127, 131 n. 7 (1st Cir.), cert. denied, 395 U.S. 981, 89 S. Ct. 2141, 23 L.Ed.2d 769 (1969); United States v. Stafford, 389 F.2d 215, 218 (2d Cir. 1968). As we said in United States v. Powers, 413 F.2d 834 (1st Cir.), cert. denied, 396 U.S. 923, 90 S.Ct. 923 [256], 24 L.Ed.2d 205 (1969), 'once a valid order to report for induction has been wilfully disobeyed a crime has been committed, and "[w]hat occurs after refusal * * * is not relevant to that issue.'" Id., 413 F.2d at 838. Accord, United States v. Stoppelman, supra, at 406 F.2d 131–133; Palmer v. United States, 401 F.2d 226 (9th Cir. 1968); United States v. Stafford, supra, (by implication); Davis v. United States, 374 F.2d 1, 4 (5th Cir. 1967). Thus, even if defendant is correct that his induction order should have been cancelled in January 1970, he would still be guilty of refusal to submit to induction in August 1969 when his induction order was admittedly valid."

Defendant does not contend that said induction order of December 12, 1968 was invalid. His classification of I–A at that time had on the record before Local Board No. 7 ample basis in fact and was clearly correct.

The Court concludes that the Government has established by proof beyond a reasonable doubt that on January 15, 1969, the defendant wilfully and knowingly refused to comply with a valid or-

der of said Rhode Island Local Board No. 7 to submit to induction into the United States Army. Therefore, the Court finds defendant guilty of the offense charged in the indictment.