**UNITED STATES of America**

**v.**

**John Ernest FARGNOLI.**

**Crim. Indictment No. 7571.**

United States District Court,
D. Rhode Island.

Sept. 23, 1971.

Lincoln C. Almond, U. S. Atty., Constance L. Messore, Asst. U. S. Atty., Providence, R. I., for plaintiff.

Seth K. Gifford, Providence, R. I., for defendant.

OPINION

DAY, District Judge.

The defendant, John Ernest Fargnoli, was indicted for refusing to submit to induction into the United States Army in violation of 50 U.S.C. App. § 462(a). He waived his right to a trial by a jury and was tried to the Court. At the conclusion of said trial I reserved decision pending the filing of memoranda by counsel for the Government and for the defendant which have been carefully considered by me.

The essential facts are not in dispute. The defendant was born on September 1, 1945. On September 3, 1963, he registered with his Selective Service Board, Rhode Island Local Board No. 7. Following the return of his classification questionnaire to said Local Board No. 7, he was originally classified I–A on November 20, 1963. Thereafter he was granted several student deferments, being classified II–S, while attending college. On May 22, 1968, he was ordered to report for an Armed Forces Physical Examination. Following said examination he was reclassified I–A on August 14, 1968 and thereafter, on October 14, 1968, he was ordered to report for induction on November 6, 1968. He reported on said date but refused to submit to induction. On November 18, 1968 said Local Board No. 7 forwarded a notice to the United States Attorney for the District of Rhode Island advising him of the defendant's refusal to submit to induction on November 6, 1968. On May 15, 1969, the instant indictment was returned against him.

On January 11, 1971 he filed his Selective Service System Special Form For Conscientious Objector with said Local Board No. 7.

Prior to his refusal to submit to induction defendant made no objection to his classification as I–A and did not seek to have said classification changed. In said Selective Service System Special

Form For Conscientious Objector, filed by him on January 11, 1971, he stated that by virtue of his ethical studies and beliefs outlined therein he claimed exemption from both combatant and non-combatant training and service, but was prepared to perform civilian alternative service if called. In a letter which accompanied said form he requested said Local Board to reopen his classification and grant him a personal hearing. Said Local Board No. 7 did not grant said request and advised defendant that the information which he had sent to it had been forwarded to the United States Attorney for his attention.

During his trial the defendant testified that he is and was, prior to receiving his order to report for induction, a nonreligious conscientious objector and that he had deemed himself not eligible for a conscientious objector classification when he refused to submit to induction on November 6, 1968. He testified that he did not believe he was eligible for classification as a conscientious objector until he learned of the decision of the Supreme Court in Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970). At no time did he seek any information or advice from his local board prior to the filing of his claim of being a conscientious objector with said Local Board No. 7 on January 11, 1971.

It is well settled that even if said Local Board No. 7 had found the defendant's belated statements of his beliefs to be true and sincerely held and had then reclassified him as I–O after January 11, 1971, this would be no defense to his refusal to submit to induction on November 6, 1968 pursuant to an order of induction that was lawful on its face. United States v. Roberts, 443 F.2d 1009 (8 Cir. 1971); United States v. Pringle, 438 F.2d 1216 (1 Cir. 1971); United States v. Daniell, 435 F.2d 834 (1 Cir. 1970); United States v. Hosmer, 434 F.2d 209 (1 Cir. 1970); United States v. Powers, 413 F.2d 834 (1 Cir. 1969), cert. denied 396 U.S. 923, 90 S.Ct. 256, 24 L.Ed.2d 205; United States v. Stop-

pelman, 406 F.2d 127 (1 Cir. 1969), cert. denied, 395 U.S. 981, 89 S.Ct. 2141, 23 L.Ed.2d 769; Palmer v. United States, 401 F.2d 226 (9 Cir. 1968).

In United States v. Powers, supra, the Court of Appeals held at page 838 of 413 F.2d:

"But it remains true that once a valid order to report for induction has been wilfully disobeyed, a crime has been committed and '[w]hat occurs after refusal * * * is not relevant to that issue'. Palmer v. United States, 401 F.2d 226, 228 (9th Cir. 1968); Blades v. United States, 407 F.2d 1397 (9th Cir. 1969). * * * *"

Similarly in United States v. Hosmer, supra, the Court of Appeals said at page 211 of 434 F.2d:

"Defendant does not contend that the induction order was defective at the time he refused to submit to it. On the contrary, he claims that his conscientious objection 'crystallized' after that date. Cf. United States v. Stoppelman, 406 F.2d 127, 131 n. 7 (1st Cir.), cert. denied, 395 U.S. 981, 89 S.Ct. 2141, 23 L.Ed.2d 769 (1969); United States v. Stafford, 389 F.2d 215, 218 (2d Cir. 1968); As we said in United States v. Powers, 413 F.2d 834 (1st Cir.), cert. denied 396 U.S. 923, 90 S.Ct. 923 [256], 24 L.Ed.2d 205 (1969), 'once a valid order to report for induction has been wilfully disobeyed, a crime has been committed and "[w]hat occurs after refusal * * * is not relevant to that issue"'. Id. 413 F.2d at 838. Accord, United States v. Stoppelman, supra, at 406 F.2d 131–133; Palmer v. United States, 401 F.2d 226 (9th Cir. 1968); United States v. Stafford, supra (by implication); Davis v. United States, 374 F.2d 1, 4 (5th Cir. 1967). Thus, even if defendant is correct that his induction should have been cancelled in January 1970, he would still be guilty of refusal to submit to induction in August 1969 when his induction order was admittedly valid."

The Court is satisfied that the Government has established by proof beyond a reasonable doubt that on November 6, 1968, at Providence, Rhode Island, the defendant wilfully and knowingly refused to comply with a valid order of said Rhode Island Local Board No. 7 to submit to induction into the United States Army. Therefore, the Court finds the defendant guilty of the offense charged in the indictment.